UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JENNIFER FRANKS, | ) |
| Plaintiff, | ) |
| | ) No. 22 C 1763 |
| v. | ) |
| | ) Judge Sara L. Ellis |
| ANCHEZ, INC. (d/b/a HOUSE OF CAMPING), GEORGE ANDREWS, JR., DAVID ANDREWS, and PHYLLIS COONEY, | ) |
| Defendants. | ) |

## OPINION AND ORDER

Plaintiff Jennifer Franks brings this lawsuit against her former employer (Anchez, Inc., d/b/a House of Camping ("Anchez")), supervisors (David Andrews ("David") and Phyllis Cooney ("Cooney")), and co-worker (George Andrews, Jr. ("George")), alleging discrimination, hostile work environment, constructive discharge, and gender violence based on a series of interactions with George. Defendants move to dismiss the Illinois Gender Violence Act ("IGVA"), 740 ILCS § 82/1, *et seq*., count (Count IV). Because Franks sufficiently pleads a claim of gender violence against George, the Court denies the motion in part. The Court grants the motion as to Anchez, David, and Cooney because Franks cannot state an IGVA claim against them as a matter of law.

### BACKGROUND[1]

Franks resigned from her job as a billing and customer service representative at Anchez in March 2021. She had worked at Anchez for nearly seven years. Franks, who is female, is

---

[1] The Court takes the facts from Franks' complaint and presumes them to be true for the purpose of resolving Defendants' motion to dismiss. *See Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011) (Rule 12(b)(6)).

disabled. David serves as Anchez's president and was Franks' direct supervisor. Cooney is the named secretary of Anchez. George, a sales manager, worked with Franks. George is related to David.

George verbally harassed Franks during her employment, including with: vulgar comments about her weight; expletive-laden, gender-focused comments ("stupid fucking bitch," "stupid fucking cunt," Doc. 1-1 ¶ 22); and threats (stating that he was "making it his mission, goal, job, and[/]or point to make her (Franks) miserable while employed with [Anchez]." *Id.* ¶ 21). George mocked her disability. George threw objects at Franks, including office supplies, and once hit Franks in the back with an umbrella. In February 2021, George "contacted" Franks' upper arm and "attempted to pull" her, which bruised and injured Franks. *Id.* ¶ 26. Franks reported this harassment (including the February 2021 incident) to David and Cooney, but they took no action.

Franks filed suit in the Circuit Court of Cook County, and Defendants removed to this Court. Doc. 1. Franks brings claims of gender- and disability-based hostile work environment and constructive discharge (Counts I–II) and disability discrimination (Count III) against Anchez. Franks brings a claim for gender violence against all Defendants (Count IV). Defendants now move to dismiss Count IV.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a Rule 12(b)(6) motion, the Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *Kubiak v. City of Chicago*, 810 F.3d 476, 480–81 (7th Cir. 2016). To survive a Rule

12(b)(6) motion, the complaint must assert a facially plausible claim and provide fair notice to the defendant of the claim's basis. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Adams v. City of Indianapolis*, 742 F.3d 720, 728–29 (7th Cir. 2014). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## ANALYSIS

### I. Gender-Related Violence Under IGVA

Defendants first argue that Franks fails to sufficiently allege that the February 2021 incident qualifies as gender-related violence under the statute. IGVA authorizes civil actions against "person or persons perpetuating" "gender-related violence." 740 ILCS § 82/10. IGVA defines gender-related violence, a form of sex discrimination, as any of the following:

> (1) One or more acts of violence or physical aggression satisfying the elements of battery under the laws of Illinois that are committed, at least in part, on the basis of a person's sex, whether or not those acts have resulted in criminal charges, prosecution, or conviction.
>
> (2) A physical intrusion or physical invasion of a sexual nature under coercive conditions satisfying the elements of battery under the laws of Illinois, whether or not the act or acts resulted in criminal charges, prosecution, or conviction.
>
> (3) A threat of an act described in item (1) or (2) causing a realistic apprehension that the originator of the threat will commit the act.

*Id.* at 82/5. Defendants argue that George grabbing Franks' arm cannot be construed as sexual in nature and that the complaint does not allege that George committed that act because Franks is female. While the Court agrees that this incident does not qualify as a sexual invasion or intrusion, it is plausible, reading the complaint in its entirety, that George committed this battery

3

"at least in part" because of Franks' sex considering his history of abusive anti-female language towards her. *See Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). The Court will not dismiss Count IV against George on this basis.

## II. Encouraging Violence Under IGVA

Defendants next argue that the IGVA claim against Anchez, David, and Cooney should be dismissed because Franks fails to plead that David and Cooney "encouraged or assisted" any violent actions of George. Under IGVA, a defendant may be liable either for "personally committing" or "personally encouraging" gender-related violence. 740 ILCS § 82/10. The complaint alleges that Franks informed David and Cooney about George's harassment and the February 2021 incident, but they took no action to stop his behavior. Defendants contend that this—David and Cooney's knowledge of the situation but failure to act—does not rise to the level of "encouragement" as required by the statute. Franks responds that David and Cooney's failure to act on her complaints (motivated by David's family connection with George) emboldened George and allowed the behavior to continue.

Courts have frequently found knowledge plus inaction insufficient to state a claim against a supervisor or corporation under IGVA. *See, e.g.*, *Balderas v. Ill. Cent. R.R. Co.*, No. 20 C 1857, 2020 WL 5763576, at *2 (N.D. Ill. Sept. 28, 2020) ("[A] corporation's knowledge plus inaction doesn't state a claim for personally encouraging or assisting under the IGVA." (citation omitted)); *Sheaffer v. Glendale Nissan, Inc.*, No. 19 C 3899, 2020 WL 70939, at *3 (N.D. Ill. Jan. 6, 2020) (dismissing claim against employer when plaintiff "merely alleges that [the defendant] had knowledge that its employee had committed an act of gender-related violence

4

against him and had failed to take a reasonable corrective action, not that [the employer] had personally assisted in or personally encouraged the gender-related violence, as required by the statute"); *Watkins v. Steiner*, 2013 IL App (5th) 110421-U ¶ 13 ("With regard to the allegation that the Township failed to supervise Steiner, we find that a failure to supervise is not tantamount to encouragement or assistance."). Franks argues that David and Cooney's failure to act "empowered" George, but this is simply another way of saying that they knew of the harassment and failed to act. Without more, the allegations against David and Cooney do not state a claim for "encouragement" under IGVA. The Court dismisses Count IV as to David and Cooney without prejudice.

Defendants argue that Franks' claim against Anchez fails because corporations cannot be held liable under IGVA. This Court has recognized that whether a corporation may be found liable under IGVA is an open question. *Sheaffer*, 2020 WL 70939 at *3. The Illinois Supreme Court has not issued a definitive answer, *see Gasic v. Marquette Mgmt., Inc.*, 2019 IL App (3d) 170756 ¶ 17 ("[I]t would be hypothetically possible to sue a legal entity for acting personally under the [IGVA], if some fictional plaintiff were to file a perfectly-worded complaint."), and courts in our district almost uniformly find that a corporation cannot act "personally" under the IGVA. *See, e.g.*, *Lewis-Bledsoe v. Ford Motor Co.*, No. 21 C 6116, 2022 WL 2316320, at *3 (N.D. Ill. June 28, 2022) (finding corporations are not "persons" acting "personally" under IGVA); *Mundo v. City of Chicago*, No. 20 C 2562, 2021 WL 3367160, at *5 (N.D. Ill. Aug. 3, 2021) (noting "every district court so far to squarely address this issue has decided that the IGVA does not apply to corporations," and finding "*Gasic* does not reflect[] how the Illinois Supreme Court would rule on the issue at hand." (citation omitted) (internal quotation marks omitted)); *Flood v. Washington Square Rest., Inc.*, No. 12 C 5729, 2012 WL 6680345, at *3

5

(N.D. Ill. Dec. 21, 2012) ("[T]he court cannot conceive of how a corporation could 'personally' perpetrate an act of gender-related violence."). Both parties cite a proposed IGVA amendment to codify employer liability as support for their positions; however, the Court declines to speculate on the legislative intent behind an unpassed law.

Anchez also argues that Franks cannot plead it "personally encouraged" gender-related violence because the claims against David and Cooney fail and it cannot be liable for George's alleged battery. Rather than make any finding on "the broad question of corporate responsibility under the IGVA," the Court will instead follow other courts' "marked preference for deciding [IGVA cases] on a narrower ground when possible." *Brownlee v. Catholic Charities of Archdiocese of Chi.*, No. 16-CV-00665, 2018 WL 1519155, at *10 (N.D. Ill. Mar. 28, 2018) (reviewing district court and Illinois cases, finding case could be decided on narrower ground of "personally encouraging"). The Court agrees that because the complaint fails to state a claim that David and Cooney encouraged George, Franks cannot plead that Anchez "personally encouraged" through them. *See Mundo*, 2021 WL 3367160, at *5 ("While corporations are sometimes considered persons, they cannot be said to act 'personally' because they act only through their agents." (citation omitted) (internal quotation marks omitted)). Anchez further cannot be held responsible for George's alleged touching because battery is outside the scope of his employment. *Doe v. Sperlik*, No. 05 C 1277, 2005 WL 3299818, at *3 (N.D. Ill. Nov. 30, 2005) (collecting cases). The Court dismisses Count IV as to Anchez without prejudice.

## CONCLUSION

For the foregoing reasons, the Court grants in part and denies in part Defendants' motion to dismiss [11]. The Court dismisses Franks' IGVA claim against Defendants Anchez, David, and Cooney only (Count IV).

Dated: September 19, 2022

_____
SARA L. ELLIS
United States District Judge